RIMÔN, P.C.
Ivan L. Tjoe (SBN 203420)
Ivan.tjoe@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California  90067
Telephone:     (213) 314-2938
Mobile:          (213) 447-2424

Attorneys for Plaintiff LuminUltra Technologies Ltd.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| LUMINULTRA TECHNOLOGIES Ltd., a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANITOA SYSTEMS, LLC, a California Limited Liability Company; and DOES 1 Through 25, inclusive,<br><br>Defendants. | Case No.: 3:22-cv-00783-RFL<br><br>Honorable Rita F. Lin<br><br>**PLAINTIFF LUMINULTRA TECHNOLOGIES LTD.'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT**<br><br>*[Filed concurrently with Memorandum of Points and Authorities; Declaration of Ivan L. Tjoe; Declaration of Patrick Whalen and [Proposed] Order]*<br><br>Hearing Date:   October 15, 2024<br>Time:                10:00 a.m.<br>Location:          Courtroom 15 – 18th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **October 15, 2024** at **10:00 a.m.** or as soon thereafter as this matter may be heard in **Courtroom 15 – 18th Floor** of the above-entitled court, Plaintiff LuminUltra Technologies Ltd. ("Plaintiff" or "LuminUltra") will, and hereby does, move to enforce the settlement agreement against Anitoa Systems, LLC ("Anitoa").

Dated: September 9, 2024

RIMÔN, P.C.

By: _____
Ivan L. Tjoe
Attorneys for LUMINULTRA TECHNOLOGIES LTD.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

On March 15, 2024, LuminUltra and Anitoa (collectively the "Parties") entered into a Settlement and Mutual Release Agreement ("Agreement") to resolve the Complaint it filed against Anitoa on February 07, 2022; and the Counterclaims filed by Anitoa on May 18, 2022. To resolve the matter, Anitoa agreed to pay LuminUltra four hundred and twenty-four thousand dollars (**$424,000.00 USD**) in exchange for *inter alia* a dismissal of the Complaint *without* prejudice.

As part of the Agreement, the Parties expressly agreed to condition LuminUltra's dismissal of its complaint to be *without* prejudice until Anitoa "comply with and fully discharge its obligations as set out in **paragraph II.A** to the" Agreement.

On March 29, 2024, and as part of the Agreement, the Parties filed a Joint Stipulation (Doc. 48) that agreed and requested the Court to do the following:

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT:

Plaintiff's claims against Defendant are dismissed *without* prejudice and Defendant's counterclaims against Plaintiff are dismissed *with* prejudice and the court do the following:

1. Make as an express condition of the Order of Dismissal that Defendant must comply with and fully discharge its obligations as set out in **paragraph II.A** to the March 15, 2024 Settlement and Mutual Release Agreement ("Agreement") attached hereto as **Exhibit A**; and

2. Expressly reserves jurisdiction to enforce the Agreement and/or the Order of Dismissal.

(Doc. 48, **Exhibit 1** to Tjoe Decl.)

On April 1, 2024, the Court issued an Order of Dismissal that **ORDERED** *inter alia* the following:

3. Defendant must comply with and fully discharge its obligations as set out in **paragraph II.A** to the March 15, 2024 Settlement and Mutual Release Agreement ("Agreement") attached hereto as **Exhibit A.**

4. At the Court's discretion, and by the Parties' request, the Court retains jurisdiction to enforce the Agreement and/or this Order of Dismissal entered into by plaintiff and defendant. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). (Doc. 50, **Exhibit 2** to Tjoe Decl.)

Defendant Anitoa breached the Agreement by failing to make the requisite "Initial [Settlement] Payment". Despite the opportunity to cure, Anitoa remains in default when it failed to submit the inaugural "Monthly [Settlement] Payment[]".

Pursuant to the terms Agreement, LuminUltra now seeks to enforce the Agreement and *requests entry of judgement* against Anitoa for the "Settlement Amount" of four hundred and twenty-four thousand dollars (**$424,000.00 USD**). LuminUltra also requests that it be awarded it attorneys' fees and costs for having to enforce the Agreement as permitted by the Agreement.

## II.  ARGUMENT.

### A. The Court Retained Jurisdiction to Enforce The Agreement.

A court may as part of its order of dismissal retain jurisdiction over a matter to enforce the terms of a settlement agreement and/or its order of dismissal. Our United States Supreme Court succinctly explained as follows:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal— either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order…
>
> ******************************
>
> If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the

settlement contract) may, in the court's discretion, be one of the terms set forth in the order.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 114 S.Ct. 1673, 1677 (1994).

Here, the Parties expressly agreed as part of a Joint Stipulation to the following:

Plaintiff's claims against Defendant are dismissed *without* prejudice and Defendant's counterclaims against Plaintiff are dismissed *with* prejudice and the court do the following:

1. Make as an express condition of the Order of Dismissal that Defendant must comply with and fully discharge its obligations as set out in **paragraph II.A** to the March 15, 2024 Settlement and Mutual Release Agreement ("Agreement") attached hereto as **Exhibit A**; and

2. Expressly reserves jurisdiction to enforce the Agreement and/or the Order of Dismissal.

(Doc. 48, **Exhibit 1** to Tjoe Decl.)

Pursuant to the Parties' Joint Stipulation, on April 1, 2024, the Court issued an Order of Dismissal that **ORDERED** *inter alia* the following:

3. Defendant must comply with and fully discharge its obligations as set out in **paragraph II.A** to the March 15, 2024 Settlement and Mutual Release Agreement ("Agreement") attached hereto as **Exhibit A.**

4. At the Court's discretion, and by the Parties' request, the Court retains jurisdiction to enforce the Agreement and/or this Order of Dismissal entered into by plaintiff and defendant. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

(Doc. 50, **Exhibit 2** to Tjoe Decl.)

**B. Anitoa Breached The Agreement**.

Anitoa agreed to "pay Plaintiff one hundred thousand dollars (**$100,000.00 USD**) no later than **August 1, 2024** (the "Initial Payment")." (See Agreement attached as "Exhibit A" to Doc. 48 and Doc. 50 – **Exhibit 1 and Exhibit 2** respectively to Tjoe Decl. – at *Para. II. A. 1. a.*) Despite reminders prior to August 1st and requests after the date, Anitoa failed to remit *any* monies to LuminUltra. (¶¶ 4-5 and **Exhibits 3-4**, Tjoe Decl.)

The Agreement specifies that missing the Initial Payment constitutes a default. "The due date for the Initial Payment set out in **paragraph II.A.1.a** *above* is **NOT** curable. (See Agreement attached as "Exhibit A" to Doc. 48 – **Exhibit 1** to Tjoe Decl. – at *Para. II. A. 2.*)

LuminUltra had the option of seeking to enforce the Agreement immediately after Anitoa missed the Initial Payment on August 1, 2024. However, in the hopes of avoiding possible fees, Mr. Pat Whalen, LuminUltra's C.E.O., contacted Mr. Zhimin Ding, Anitoa's C.E.O., on August 7, 2024 to inquire about the missed Initial Payment. (¶4 and **Exhibit 6**, Whalen Decl.) Mr. Ding advised on August 9, 2024, that Anitoa sent in a bank loan application and are still waiting for approval. I will let you know as soon as the situation is improved." (*Id.*) Mr. Ding did not provide Mr. Whalen with any updates or attempted to contact him since August 9, 2024. (¶5, Whalen Decl.)

After the Initial Payment, Anitoa was obligated by the Agreement to start making "Monthly Payments" on September 1, 2024 in the amount of "nine thousand dollars (**$9,000.00**)". (See Agreement attached as "Exhibit A" to Doc. 48 – Ex. 1 to Tjoe Decl. – at *Para. II. A. 1. b.*) Anitoa failed to make the inaugural Monthly Payment on September 1, 2024. (¶¶ 5-6, Whalen Decl.)

After failing to pay the inaugural Monthly Payment, Anitoa was provided an opportunity to "cure". The Agreement permits Anitoa three (3) opportunities to "cure" a missed Monthly Payment:

> Should Defendant fail to pay any of the Monthly Payments as set out in paragraph II.A.1.b above, Defendant shall be provided three (3) opportunities to cure a missed Monthly Payment. In the case of a missed Monthly Payment, Defendant shall have seven (7) calendar days to cure. **Defendant shall have seven (7) calendar days to cure, and this period will begin upon the date that Plaintiff notifies Defendant of non-payment of a Monthly Payment**.

(See Agreement attached as "Exhibit A" to Doc. 48 – **Exhibit 1** to Tjoe Decl. – at *Para. II. A. 2* [emphasis added].)

On September 1, 2024, LuminUltra notified Anitoa of the missed monthly payment via a written Notice of Default thereby starting the seven (7) day period to cure. (¶6 and **Exhibit 5**, Tjoe Decl.) Anitoa failed to cure (*i.e.*, the inaugural Monthly Payment remains outstanding). (¶ 7, Whalen Decl.)

The Agreement provides that "[s]hould Defendant not cure any missed 'Monthly Payment' within the applicable 7-day period, **Plaintiff may immediately seek entry of judgment against Defendant".**  (See Agreement attached as "Exhibit A" to Doc. 48 – **Exhibit 1** to Tjoe Decl. – at *Para. II. A. 3* [emphasis added].)

As of today's date, LuminUltra has yet to receive *any* of the four hundred- and twenty-four-thousand-dollar (**$424,000.00 USD**) Settlement Amount.  (¶ 7, Whalen Decl.)

### C.  LuminUltra is Entitled to an Award of Attorneys' Fees and its Costs.

The Parties agreed that should either be required to enforce any of the terms of the Agreement then attorneys' fees and costs shall be awarded to the prevailing party:

> In the event a dispute arises as to any of the terms of this Agreement and/or any of the Parties are required to enforce any of the terms of this Agreement, or to seek a judicial declaration of the Parties' rights and obligations under this Agreement, such dispute shall be interpreted according to the laws of the State of California, shall be venued exclusively with the United States District Court for the Northern District of California, San Francisco Division, **and the prevailing party *shall* be awarded its attorneys' fees and permissible costs**.

(See Agreement attached as "Exhibit A" to Doc. 48 – Ex. 1 to Tjoe Decl. – at *Para. IV. I.* [emphasis added].)

LuminUltra therefore respectfully requests that it be awarded its attorneys' fees and costs incurred to enforce the Agreement.  (LuminUltra will submit a declaration as part of its reply in support of this motion that lists fees and costs incurred as of that date to bring this motion.)

///
///
///
///
///
///

1  **III.   CONCLUSION.**

2  For the reasons discussed above, LuminUltra respectfully requests the Court to **GRANT** this
3  motion. LuminUltra respectfully requests the Court to enter judgment against Anitoa Systems LLC
4  in the amount of four hundred- and twenty-four-thousand-dollar (**$424,000.00 USD**) and award its
5  attorneys' fees and costs.

7  Dated:  September 9, 2024                                             RIMÔN, P.C.

9                                                                                              By: _____
10                                                                                           Ivan L. Tjoe
                                                                                                 Attorneys for LUMINULTRA TECHNOLOGIES
                                                                                                 LTD.